IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BLANE E. CANTRELL, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 12-3126-CV-S-RED |
| | ) | Crim. No. 10-3023-01-CR-S-RED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Movant Blane E. Cantrell, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## INTRODUCTION

Movant Blane E. Cantrell, Jr. ("Cantrell") pled guilty to being a felon in possession of a firearm on October 5, 2010 and the Court sentenced him to a term of imprisonment of 60 months. Cantrell did not directly appeal his conviction and sentence. Now Cantrell has filed his Motion under 28 U.S.C. § 2255 challenging his sentence on three grounds. The United States responded to the § 2255 Motion and requests that the Court deny the Motion without holding an evidentiary hearing and also without issuing a certificate of appealability.

## LEGAL ANALYSIS

**I. Cantrell has not shown that he was denied the effective assistance of counsel**

The first two grounds raised by Cantrell in his § 2255 Motion concerns whether his counsel was constitutionally deficient so as to deny him the constitutional right to the effective assistance of counsel. An ineffective assistance of counsel claim requires a petitioner prove his or her counsel's "performance was deficient and that the deficiency prejudiced his defense." *Deltoro-*

*Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Deficient performance is defined as performance that "falls below the 'range of competence demanded of attorneys in criminal cases.' " *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Prejudice requires Cantrell to "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447. Furthermore, the *Strickland* test applies to ineffective assistance of counsel claims at the plea hearing stage. *Wright v. Van Patten*, 552 U.S. 120, 124 (2008). Thus, the prejudice requirement requires Cantrell show that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Finally, the Court notes that it need not address both prongs under *Strickland* and may instead focus on the prong that disposes of the ineffective assistance of counsel claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (noting that it was unnecessary to address the performance prong under *Strickland* if the Court found that the defendant could not show prejudice).

Cantrell's first ineffective assistance of counsel claim focuses on his counsel's failure to inform him "of the admissibility of critical aspects of evidence in the case of a guilty or not guilty plea prior to entering a final plea." (§ 2255 Motion Doc. 1 p. 4).[1] Specifically, Cantrell argues that

---

[1] To the extent Cantrell's argument can be construed as an attempt to challenge that his plea was induced and therefore not entered into voluntarily, the Court rejects his argument as he does not overcome the "strong presumption of verity" arising from his representations at the plea hearing. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal citation and quotations omitted). At the plea hearing, Cantrell stated that he had sufficient time to consult with counsel and that he was satisfied with her representation. (Change of Plea Hearing p. 6). Furthermore, the Government set forth the evidence that could be presented if the case proceeded to trial which established that Cantrell was a felon in possession of a firearm, Cantrell admitted the Government could produce this evidence, and the Court specifically asked Cantrell if he "possess[ed] the gun on

2

his counsel was ineffective because she did not advise him of the admissibility of evidence showing the roles certain "parties" played in this case (Cantrell alleges these parties did not provide statements) as well as their criminal histories, and finally that Cantrell was using the firearm in question in response to an "immediate threat of violence." *Id.*

The Court finds that Cantrell's first argument is without merit for several reasons. Cantrell does not identify who these "parties" are, what manner of testimony they would provide that would be relevant to his decision to plead guilty, or what their criminal histories are. Because Cantrell fails to explain his allegations and provide any evidence whatsoever in support, the Court finds that he has failed to prove *Strickland* prejudice. *United States v. Vazquez-Garcia*, 211 F. App'x 544, 546 (8th Cir. 2007) (citing *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989)) (rejecting a conclusory challenge, unsupported by independent evidence, that the petitioner's trial counsel was ineffective for failing to interview witnesses "or discover mitigating evidence"). Moreover, because Cantrell fails to provide any details about the alleged admissible evidence, the Court finds he has failed to rebut the strong presumption that his counsel's conduct was reasonable. *See Close v. United States*, 679 F.3d 714 (8th Cir. 2012) ("In weighing whether trial counsel's performance was constitutionally

---

that day" and Cantrell responded "[y]es, sir." *Id.* Finally, Cantrell's counsel advised the Court that "[a]fter review of the discovery and investigation of this case, Mr. Cantrell indicated that he did wish to enter a plea of guilty to this case." *Id.*

In support of Cantrell's inducement argument, he argues that his counsel failed to advise him of the admissibility of: the "parts played by parties that did not provide statements," the criminal history of "involved parties," and that his actions were in response to "an immediate threat of violence" to himself and his step-children. (§ 2255 Motion Doc. 1. p. 4). The Court finds that these unsupported and conclusory statements do not undermine the fact that Cantrell pled guilty, admitted he possessed a firearm, admitted the Government could produce the evidence set forth at the plea hearing against him and stated that he was satisfied with his counsel's representation. Therefore the presumption of Cantrell's representations made at the plea hearing have not been overcome and he has not shown that his plea of guilty was involuntary.

3

deficient a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.") (internal citation and quotations omitted). It cannot even be determined whether Cantrell's counsel erred by *allegedly* failing to inform Cantrell that certain *unidentified* evidence was inadmissable. For these reasons, the Court finds that Cantrell's first argument lacks merit.[2] Finally, the Court notes that because Cantrell's allegations are unsupported by any evidence and are set forth as conclusions, no evidentiary hearing is warranted. *See Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (noting that an evidentiary hearing is unnecessary if " '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact' ").

Cantrell's second argument is that his counsel was ineffective because her investigator "failed to investigate points brought to their attention that would have greatly contributed to the defendant's

---

[2]

The Court also rejects Cantrell's justification defense argument for two reasons. First, the Eighth Circuit Court of Appeals has "yet to recognize in a given case a justification defense to a violation of [18 U.S.C.] § 922(g)." *United States v. Parker*, No. 11-2595, 2012 WL 1888145, at *1 (8th Cir. Feb. 14, 2012). Second, even if the justification defense was available, Cantrell would have to show:

> 1) he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; 2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act; 3) that he had no reasonable, legal alternative to violating the law; and 4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

*United States v. El-Alamin*, 574 F.3d 915, 925 (8th Cir. 2009).

Cantrell has set forth no evidence, or even additional arguments, addressing these elements, and merely relies on his statement that he possessed the gun in response to an immediate threat of violence. Thus, Cantrell has failed to show that he was prejudiced by his counsel's alleged error or that his counsel's conduct was not reasonable to begin with.

4

case." (§ 2255 Motion Doc. 1 p. 4). Cantrell provides no further explanation as to what the specific "points" are that his counsel and her investigator ignored. For the exact same reasons the Court rejected Cantrell's first ineffective assistance argument, his second argument also fails and no evidentiary hearing is warranted on this issue. As such, Cantrell's second argument lacks merit.

## II. Cantrell has failed to show that the Government committed a *Brady* violation

Cantrell's last argument is that the Government failed to disclose favorable evidence. Specifically, Cantrell argues that the Government failed to disclose the fact that the witness statements were of a "questionable nature," although he fails to identify or describe these witness statements, or elaborate on why the statements are questionable.

In order to establish that the Government failed to disclose exculpatory evidence,[3] Cantrell must prove "(1) the evidence was favorable to the defendant, (2) the evidence was material to guilt, and (3) the government suppressed evidence." *United States v. Barraza Cazares*, 465 F.3d 327, 333 (8th Cir. 2006). Again, Cantrell's conclusory allegation fails to establish any of the elements necessary to prove the Government committed a *Brady* violation and for the same reasons discussed above, no evidentiary hearing is warranted on this issue. As such, Cantrell's final argument is without merit.

## III. The Court will not issue a certificate of appealability

Finally, the Court must decide whether to issue a certificate of appealability which would allow Cantrell to appeal the denial of his § 2255 Motion. A certificate of appealability should only issue if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires Cantrell to show that "reasonable jurists would find the

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Cantrell's unsupported and conclusory allegations are clearly without merit, the Court finds that no certificate of appealability should issue.

## CONCLUSION

For the above reasons, the Court **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and further advises that it will not issue a certificate of appealability. The Clerk of Court is directed to send a copy of this Order via certified mail, return receipt requested, to: Blane E. Cantrell, Jr., Prisoner # 21977-045, Federal Correctional Institution, PO Box 24550, Tucson, AZ, 85734.

**IT IS SO ORDERED**.

DATED: July 20, 2012             /s/ Richard E. Dorr
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT